Date signed May 12, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WILLIAM I. WAITHE, JR. | : | Case No. 10-23421PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ANA GARCIA | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0569PM |
| | : | |
| WILLIAM I. WAITHE, JR. | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

     This case came before the court for trial of an adversary proceeding filed by Ana Garcia, seeking a ruling that the judgment entered on January 24, 2008, by the Circuit Court for Prince George's County, Maryland, in *Garcia v. Waithe* (Case No. CAE06-27605), in the sum of $39,347.63, is excepted from Debtor's discharge. After hearing the testimony and the arguments of the parties, together with the exhibits offered at the trial of this matter held on May 4, 2011, the court makes the following findings of fact and conclusions of law.

     The Plaintiff and the Defendant had a long-term relationship and reared two children, now adults. This relationship eventually soured and ended with various domestic violence allegations back and forth. In addition to these controversies that were brought to the attention of state courts, the parties had serious financial disputes. In the course of one dispute, the parties entered into a financial arrangement. This arrangement is embodied in two agreements, one

dated September 21, 2006, and the second dated October 20, 2006 (collectively, the "Agreements"), the latter of which is said to have been prepared by Plaintiff's counsel. The earlier agreement provided for the sale of their residence and the payment of one-half of the proceeds to the Plaintiff. Under the earlier agreement, there was a cap of $75,000.00 to be paid to the Plaintiff. These agreements recognized the fact that, while the property located at 4409 19th Avenue, Temple Hills, Maryland, 20748 (the "Property"), was titled in the name of the Defendant, the Plaintiff had paid more than half of the mortgage payments, more than half of the down payment, and a majority of the payments for utilities and improvements. Defendant eventually sold the Propery to Jesus O. Santamaria for $360,000.00, with a net cash payment to the seller of $78,695.26. But, after the settlement, the Defendant did not turn over one-half of the proceeds to the Plaintiff as required by their agreement, despite repeated entreaties from the Plaintiff. As a last resort, the Plaintiff filed a Complaint for Specific Performance of the agreement dated October 20, 2006. After a trial held on January 17, 2008, the court, after stating its findings of fact in open court, held in favor of the Plaintiff. By Order entered January 24, 2008, the court required the specific performance of the contract and further ordered that the Defendant pay forthwith to the Plaintiff the sum of $39,347.63. Some small amounts were recovered by the Plaintiff by virtue of her filing an attachment on Defendant's wages, but Defendant did all he could to avoid payment of that judgment.

Defendant's bankruptcy case under Chapter 7 was filed on June 15, 2010, thereby staying all further collection efforts on behalf of the Plaintiff. This adversary proceeding was timely filed on July 23, 2010.

The court found the testimony of the Plaintiff to be credible in all respects. However, the issue is whether, in the light of the facts stated above, this court can rule in her favor.

The following sections of the Bankruptcy Code are applicable to this case:

**11 U.S.C. § 523.  Exceptions to discharge**

>   (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title, does not discharge an individual debtor from any debt--
>   \*          \*          \*          \*          \*
>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
>   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

    *    *    *    *    *
  (5) for a domestic support obligation;
    *    *    *    *    *
  (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

  Reviewing these sections in reverse order, Plaintiff's case fails under § 523(a)(15). While the parties had an exceptionally long relationship, they were never married, and § 523(a)(15) requires that the Plaintiff be a spouse, former spouse or child. Similarly, the Plaintiff cannot prevail under § 523(a)(5) because a domestic support obligation, as that term is defined in 11 U.S.C. § (14A), likewise requires that the payment be to a spouse, former spouse, or child.

  The court further finds that Defendant's actions do not provide a basis for a nondischargeability claim under § 523(a)(2)(A). The obligation owed by the Defendant to the Plaintiff is one for breach of contract alone, and a breach of contract by itself does not render a debt dischargeable. *Parker v. Grant*, 237 B.R. 97, 112-113 (BC E.D. Va. 1999). It cannot be said that, by virtue of the execution of the Agreements, Defendant obtained any money, property, or services from the Plaintiff. The Property was already in his possession, and all that Defendant accomplished by his promises was to get Plaintiff off his back for a time.

  Exceptions to discharge are strictly construed against creditors to protect a debtor's fresh start. *Guaranty Residential Lending, Inc. v. Koep*, 334 B.R. 364, 371-372 (BC Md. 2005)(citing *Spinoso v. Heilman*, 241 B.R. 137, 149 (BC Md. 1999)). While the Defendant's actions in this case are reprehensible and dishonorable, he is nonetheless entitled to his discharge, inasmuch as none of the exceptions to discharge contained in 11 U.S.C. § 523(a) are applicable in this situation. An appropriate order will be entered.

cc:

Ana Garcia, 8011 Allendale Drive, Landover, MD 20785
William I. Waithe, Jr., 6615 Northam Road, Temple Hills, Md 20748
Steven H. Greenfeld, 7910 Woodmont Avenue, Suite 1103, Bethesda, Md 20814

**End of Memorandum**